FILED

2015 OCT -7 PM 12: 10

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY ____________

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2014 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

NADER SALEM ELHUZAYEL and MUHANAD ELFATIH M. A. BADAWI,

Defendants.

SA CR No. 15-00060-DOC(A)

F I R S T
S U P E R S E D I N G
I N D I C T M E N T

[18 U.S.C. § 2339B: Conspiracy to Provide Material Support and Resources to a Designated Foreign Terrorist Organization; 18 U.S.C. § 2339B: Attempting to Provide Material Support and Resources to a Designated Foreign Terrorist Organization; 18 U.S.C. § 2339B: Aiding and Abetting an Attempt to Provide Material Support and Resources to a Foreign Terrorist Organization; 18 U.S.C. § 1344: Bank Fraud; 20 U.S.C. § 1097(a): Financial Aid Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Forfeiture]

//

//

//

//

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 2339B]

From a time unknown to the Grand Jury to on or about May 21, 2015, in Orange County, within the Central District of California, and elsewhere, defendants NADER SALEM ELHUZAYEL ("ELHUZAYEL") and MUHANAD ELFATIH M. A. BADAWI ("BADAWI"), each one a national of the United States, knowingly conspired to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, personnel, namely ELHUZAYEL, to the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria, al-Qa'ida in Iraq, and the Islamic State, which had been continuously designated by the Secretary of State as a foreign terrorist organization since on or about May 15, 2014, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

COUNT TWO

[18 U.S.C. § 2339B]

From a time unknown to the Grand Jury to on or about May 21, 2015, in Orange County, within the Central District of California, and elsewhere, defendant NADER SALEM ELHUZAYEL ("ELHUZAYEL"), a national of the United States, knowingly attempted to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, personnel, namely himself, to the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria, al-Qa'ida in Iraq, and the Islamic State, which had been continuously designated by the Secretary of State as a foreign terrorist organization since on or about May 15, 2014, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

COUNT THREE

[18 U.S.C. §§ 2339B, 2]

From a time unknown to the Grand Jury to on or about May 21, 2015, in Orange County, within the Central District of California, and elsewhere, defendant MUHANAD ELFATHIH M. A. BADAWI ("BADAWI"), a national of the United States, knowingly aided, abetted, counseled, commanded, induced, and procured NADER SALEM ELHUZAYEL ("ELHUZAYEL") to attempt to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), that is, personnel, namely ELHUZAYEL, to the Islamic State of Iraq and the Levant ("ISIL"), also known as the Islamic State of Iraq and Syria, al-Qa'ida in Iraq, and the Islamic State, which had been continuously designated by the Secretary of State as a foreign terrorist organization since on or about May 15, 2014, knowing that ISIL had been designated as a foreign terrorist organization, and knowing that ISIL had engaged in, and was engaging in, terrorist activity and terrorism.

COUNTS FOUR THROUGH TWENTY-NINE

[18 U.S.C. §§ 1344, 2]

A. INTRODUCTORY ALLEGATIONS

1. At all times relevant to this First Superseding Indictment, Wells Fargo Bank, Chase Bank, and Bank of America were banks, the deposits of which were insured by the Federal Deposit Insurance Corporation (collectively, "the Banks").

2. At all times relevant to this First Superseding Indictment, defendant NADER SALEM ELHUZAYEL ("ELHUZAYEL") maintained the following bank accounts:

a. Wells Fargo Bank personal checking account XXXXXX9021 (the "Wells Fargo Account"), located at a Wells Fargo Bank branch office in Anaheim, California;

b. Chase Bank personal checking account XXXXXX6763 (the "Chase Account"), located at a Chase Bank branch office in Anaheim, California; and

c. Bank of America personal checking account XXXXXX8880 (the "Bank of America Account"), located at a Bank of America branch office in Anaheim, California,

(collectively, the "Elhuzayel Accounts"). Defendant ELHUZAYEL had sole signature authority over the Elhuzayel Accounts.

B. THE SCHEME TO DEFRAUD

3. From on or about a date unknown to the Grand Jury, but no later than April 4, 2015, through on or about May 21, 2015, in Orange County, within the Central District of California, and elsewhere, defendant ELHUZAYEL, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, executed a scheme to defraud the Banks as to material matters,

and to obtain money, funds, credits, assets, securities, and other property owned by and in the custody and control of the Banks by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4. The fraudulent scheme operated, in substance, in the following manner:

a. Defendant ELHUZAYEL and his co-schemers obtained stolen checks (the "Stolen Checks") that were drawn on bank accounts that did not belong to any of the schemers.

b. Defendant ELHUZAYEL and his co-schemers deposited and caused to be deposited the Stolen Checks into the Elhuzayel Accounts.

c. Defendant ELHUZAYEL and his co-schemers concealed from the Banks that the deposited Stolen Checks were stolen.

d. Defendant ELHUZAYEL and his co-schemers withdrew and caused to be withdrawn funds from the Elhuzayel Accounts through cash withdrawals drawn against the deposited Stolen Checks.

e. The deposited Stolen Checks were ultimately returned unpaid, and defendant ELHUZAYEL's and his co-schemers' cash withdrawals caused overdrafts in the Elhuzayel Accounts.

f. Defendant ELHUZAYEL and his co-schemers failed to deposit funds into the Elhuzayel Accounts to pay the outstanding overdrafts, causing the Banks to suffer losses.

C. THE EXECUTIONS OF THE SCHEME

5. On or about the following dates, within the Central District of California and elsewhere, defendant ELHUZAYEL and

his co-schemers committed and caused others to commit the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| FOUR | 4/4/2015 | Deposited check in amount of $687.79 into the Wells Fargo Account |
| FIVE | 4/4/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| SIX | 4/9/2015 | Deposited check in amount of $1674.91 into the Wells Fargo Account |
| SEVEN | 4/9/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| EIGHT | 4/10/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| NINE | 4/10/2015 | Withdrew $1,000.00 cash from the Wells Fargo Account |
| TEN | 4/16/2015 | Deposited check in amount of $200.00 into the Wells Fargo Account |
| ELEVEN | 4/16/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| TWELVE | 4/29/2015 | Deposited check in amount of $570.00 into the Wells Fargo Account |
| THIRTEEN | 4/29/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| FOURTEEN | 4/30/2015 | Withdrew $220.00 cash from the Wells Fargo Account |
| FIFTEEN | 5/1/2015 | Deposited check in amount of $750.00 into the Chase Bank Account |
| SIXTEEN | 5/1/2015 | Withdrew $300.00 cash from the Chase Account |
| SEVENTEEN | 5/2/2015 | Withdrew $300.00 cash from the Chase Account |
| EIGHTEEN | 5/2/2015 | Withdrew $200.00 cash from the Chase Account |
| NINETEEN | 5/4/2015 | Withdrew $20.00 cash from the Wells Fargo Account |
| TWENTY | 5/5/2015 | Deposited check in amount of $2,195.00 into the Wells Fargo Account |

| COUNT | DATE | ACT |
|---|---|---|
| TWENTY-ONE | 5/5/2015 | Withdrew $300.00 cash from the Wells Fargo Account |
| TWENTY-TWO | 5/6/2015 | Withdrew $200.00 cash from the Wells Fargo Account |
| TWENTY-THREE | 5/6/2015 | Withdrew $900.00 cash from the Wells Fargo Account |
| TWENTY-FOUR | 5/6/2015 | Withdrew $890.00 cash from the Wells Fargo Account |
| TWENTY-FIVE | 5/6/2015 | Deposited check in amount of $1,005.00 into the Chase Account |
| TWENTY-SIX | 5/7/2015 | Withdrew $500.00 cash from the Chase Account |
| TWENTY-SEVEN | 5/7/2015 | Withdrew $500.00 cash from the Chase Account |
| TWENTY-EIGHT | 5/14/2015 | Deposited check in amount of $5,000.00 into the Bank of America Account |
| TWENTY-NINE | 5/14/2015 | Withdrew $200.00 cash from the Bank of America Account |

COUNT THIRTY

[20 U.S.C. § 1097(a)]

On or about May 7, 2015, in Orange County, within the Central District of California, and elsewhere, defendant MUHANAD ELFATHIH M. A. BADAWI ("BADAWI"), a national of the United States, did knowingly and willfully misapply, obtain by fraud, false statement, and forgery, and fail to refund $671.60 in funds, assets, and property provided and insured under subchapter IV of Chapter 28 of United States Code Title 20 and part C of subchapter I of chapter 34 of United States Code Title 42, in that BADAWI used $671.60 of federal financial aid to purchase a plane ticket for another person, namely defendant Nader Salem Ehuzayel, to travel to Turkey.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Notice is hereby given pursuant to Federal Rule of Criminal Procedure 32.2(a), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) that if defendant NADER SALEM ELHUZAYEL ("ELHUZAYEL") is convicted of any offense set forth in Counts Four through Twenty-Nine of this First Superseding Indictment, defendant ELHUZAYEL shall forfeit to the United States the following property:

a. All right, title, and interest in any property which constitutes or is derived from proceeds traceable to such violation.

b. To the extent the actual property described in paragraph 1(a) is not available, a sum of money equal to the total value of the property so described.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant ELHUZAYEL shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of said defendant, such property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of this

//

//

//

//

court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

JUDITH A. HEINZ
Assistant United States Attorney
Senior Litigation Counsel, National Security Division

CELESTE CORLETT
Assistant United States Attorney
Terrorism and Export Crimes Section