## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**  Date: August 10, 2022
SA CV 20-00813-DOC

Title: MUHANAD BADAWI V. ASHLEY WALLACE

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Elsa Vargas for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**  **ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY [CV 22]**

The U.S. Court of Appeals for the Ninth Circuit has directed this Court to either grant or deny a Certificate of Appealability ("COA") to Petitioner Muhanad Badawi ("Petitioner" or "Mr. Badawi"), who seeks to appeal this Court's denial of his 28 U.S.C. § 2255 Motion. For the reasons stated below, the Court **GRANTS IN PART** Petitioner's request for a Certificate of Appealability.

**I.  Background**

This case arises from this Court's denial of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Order Denying Motion to Vacate, Set Aside, or Correct Sentence ("Order") (Dkt. 21). Petitioner now seeks a COA in order to appeal that Order. The following facts are taken directly from the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**                                               Date: August 10, 2022
SA CV 20-00813-DOC                                                                  Page 2

      Petitioner was charged with conspiracy to provide material support to a designated foreign terrorist organization ("FTO") (Count One – 18 U.S.C. § 2339B); aiding and abetting an attempt to provide material support to a designated FTO (Count Three – 18 U.S.C. § 2339B); and misapplication of federal financial aid funds (Count Thirty – 20 U.S.C. § 1097(a)). Order at 1.

      Petitioner recruited Nader Elhuzayel and several other young men in the Orange County Muslim community to fight for the Islamic State ("ISIS"). *Id.* at 2. Elhuzayel was arrested at the airport on his way to Turkey and Syria. *Id.* Accordingly, Petitioner was charged for conspiracy and for aiding and abetting an attempt to provide material support to ISIS. *Id.* Petitioner was further charged with financial aid fraud for using a portion of his Pell Grant funds to purchase a plane ticket for Elhuzayel to travel to Turkey. *Id.* After a 10-day trial, a jury found Petitioner guilty on all three counts. *Id.* On October 19, 2016, the Court sentenced Petitioner to 360 months of imprisonment: 180 months for Count One, and 180 months on Count Three and 60 months on Count Thirty to be served concurrently with each other, but consecutive to Count One. *Id.*

      Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 on April 15, 2021 (Dkt. 17). The Court denied Petitioner's Motion on June 28, 2021 ("Order") (Dkt. 21). Petitioner appealed this Court's Order to the Ninth Circuit Court of Appeals on August 27, 2021 (23). The same day, Petitioner filed the instant Motion for Certificate of Appealability ("Mot.") (Dkt. 22). On September 7, 2021, the Ninth Circuit remanded the case back to this Court for the limited purpose of granting or denying a certificate of appealability. Order of USCA (SA 15-CR-00060-DOC-2, Dkt. 383). Respondent Ashley Wallace ("Respondent") filed an Opposition ("Opp'n") (Dkt. 26) on February 11, 2022. Petitioner replied on March 15, 2022 (Dkt. 27).

## II. Legal Standard

      Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that this standard means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

      The Ninth Circuit has stated that this test sets a "relatively low" standard for granting a COA, and that "the showing a petitioner must make to be heard on appeal is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**  Date: August 10, 2022
SA CV 20-00813-DOC  Page 3

less than that to obtain relief." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002); *Lambright v. Stewart*, 220 F.3d 1022, 1025 n.4 (9th Cir. 2000) (citations omitted). Additionally, even if a question is well settled in the Ninth Circuit, "a constitutional claim is debatable if another circuit has issued a conflicting ruling." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (citations omitted). Ultimately, a COA should issue unless the claims are "utterly without merit." *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002), *as amended* (Feb. 22, 2002) (citing *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000)).

### III. Discussion

Petitioner argues an appeal is appropriate because reasonable jurists could debate whether (1) conversion is an independent element of 20 U.S.C. § 1097(a); and (2) Petitioner's counsel was ineffective.

#### A. Financial Aid Fraud Conversion Requirement

Petitioner argues in his Motion that the evidence supports his innocence of the financial aid fraud charge because he did not satisfy what he deems the "legal requirement of conversion." Mot. at 3. Specifically, Petitioner argues that his use of Pell Grants to fund airfare tickets did not constitute conversion. *Id.*

Petitioner was charged with misapplication of financial aid under 20 U.S.C. § 1097(a) for using $671.60 of his Pell Grant funds to purchase a plane ticket for Elhuzayel to go to Turkey. Section 1097(a) provides in relevant part that "[a]ny person who knowingly and willfully . . . misapplies . . . any funds, assets, or property provided or insured under this title . . . shall [face criminal penalties]." 20 U.S.C. § 1097(a).

This Court, in denying Petitioner's Motion to Set Aside the Conviction, explained,

> the terms "conversion" and "converts" are not included in the plain language of the statute. 20 U.S.C. § 1097(a). Courts "ordinarily resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997). Additionally, "conversion" is not synonymous with "misapplication." "Misapplication" is defined as the "improper or illegal use of funds or property lawfully held." Black's Law Dictionary 1013 (7th ed. 1999). "Conversion," on the other hand, is defined as the "wrongful possession or disposition of another's property as if it were one's own." *Id.* at 333.

Order at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**             Date: August 10, 2022
SA CV 20-00813-DOC             Page 4

Here, Petitioner argues that reasonable jurists can debate whether conversion is a separate element of misappropriating federal financial aid funds. Mot. at 3-7. As Petitioner notes, other circuits have found that conversion is a required element of financial aid fraud. *See, e.g.*, *United States v. Weaver*, 275 F.3d 1320, 1329 (11th Cir. 2001) ("the government must prove (1) a conversion of the property to the use of the defendant or a third party . . ."); *United States v. Strain*, 78 F. App'x 975, 976 (5th Cir. 2003) (requiring the exercise of control over funds such that it "interferes with the rights of the funds' true owner or owners"). Petitioner emphasizes that these circuits have relied on the Supreme Court's ruling in *Bates v. United States*, 522 U.S. 23, 29 (1997), to imply that "conversion is an element of criminal misapplication under § 1097(a)." *Weaver*, 275 F.3d at 1330.

Although there is no controlling Ninth Circuit precedent on the issue, the fact that other "circuit[s] ha[ve] reached a conflicting view" indicates that reasonable jurists can debate whether conversion is an independent element of 20 U.S.C. §1097(a). Accordingly, the Court GRANTS Petitioner's Motion in this regard.

### B. Ineffective Assistance of Counsel

When a petitioner alleges ineffective assistance of counsel, he must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by that performance. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Thus, "mere criticism" of a tactic or strategy, without more, is not sufficient to show that counsel's performance was deficient. *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). The inquiry is not what counsel could have done differently but whether their choices were reasonable. *Babbitt*, 151 F.3d at 1173. For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*, 466 U.S. at 410).

Petitioner argues that his original counsel was ineffective for (1) failing to raise First Amendment instructional requirements; (2) failing to object to improper argument; and (3) failing to adequately argue post-judgment issues of double jeopardy and potential statutory conflict at sentencing. Mot. at 8.

The Court considers below whether Petitioner has a right to appeal his counsel's efficacy on these narrow issues; the Court is not determining whether counsel was, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

| | |
|---|---|
| Case No. **SA CR 15-00060-DOC-2**<br>SA CV 20-00813-DOC | Date: August 10, 2022<br>Page 5 |

fact, ineffective. In many ways, counsel's performance was quite the opposite. From the start of the case, Petitioner rejected his assigned counsel based on her being a woman. Despite this lack of cooperation, Petitioner's counsel zealously represented her client in a challenging case. She filed multiple pre-trial motions, one of which included seeking a competency hearing for Petitioner after he conducted a four-week hunger strike. *See* Motion for Psychiatric Examination (Dkt. 73); *see also* Motion to Suppress (Dkt. 69); Motions in Limine (Dkts. 98, 100); Motion to Sever (Dkt. 99). Ultimately, Petitioner's counsel navigated a ten-day high-profile trial with compassion and skill.

However, the Court acknowledges the "relatively low" threshold for certificates of appealability: whether reasonable jurists could debate the outcome. *Jennings*, 290 F.3d at 1010. Accordingly, the Court considers Petitioner's arguments with this low procedural bar in mind.

### 1. Failure to Raise First Amendment Jury Instructions

Petitioner alleges that his former counsel did not consider "First Amendment jurisprudence into Mr. Badawi's defense." Mot. at 10. Specifically, Petitioner argues that original counsel's failure to seek instructions requiring that (1) "the jury find Mr. Badawi specifically intended to advance the Islamic State's terrorist objectives rather than protected political or religious objectives" and (2) "the jury find Mr. Badawi's speech was aimed at causing imminent lawless action" amounts to ineffective assistance of counsel. Mot. at 10. Petitioner points to Justice Breyer's dissent in *Holder v. Humanitarian Law Project* to support his assertion that a reasonable jurist would consider such arguments when preparing a defense. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 40-62 (Breyer, J., dissenting) (explaining that 18 U.S.C. § 2339B raises First Amendment concerns).

However, the failure to raise particular defenses is normally not sufficient to demonstrate deficient performance when counsel has reasonably chosen another defense. *Bohana v. Vaughan*, 389 F. App'x 600, 602 (9th Cir. 2010); *see also Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel"). Here, Petitioner's citation to a single dissent raising the possibility of First Amendment concerns fails to substantially show that his counsel was unreasonable in not requesting a jury instruction on the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**                                      Date: August 10, 2022
SA CV 20-00813-DOC                                                          Page 6

Instead, The Court declines to second-guess original counsel's trial strategy. *Gustave*, 627 F.2d at 904.

The Court therefore DENIES Petitioner's Motion with respect to the First Amendment issue.

### 2.     Failure to Object to Improper Argument

Petitioner argues that the Court improperly admitted lay testimony to establish the criminality of misappropriating Pell Grant funds and that it was improper to rely on lay testimony "to define what qualified as criminal misapplication." Mot. at 9. Specifically, Petitioner alleges that "[t]he government . . . elicited testimony from Marisol Mendoza, an employee at the Department of Education, that a student was not 'allowed to use his own' Pell Grant funds to provide something for someone else." Mot at 9. According to Petitioner,

> Mr. Badawi's counsel repeatedly failed to take meritorious defensive action when counsel (1) failed to appropriately object to the foregoing testimony, (2) failed to object to the prosecutor's argument, improper prosecutorial statements cannot be neutralized by instructions that do not in any way address "the specific statements of the prosecutor," (3) failed to request an instruction correcting both misstatements of the law, and (4) failed to bring a motion for a new trial or under Rule 29 based upon the prosecutor's improper reliance upon an incorrect statement of the law.

Mot. at 9-10.

However, Petitioner cites to no authority that establishes a debatable point among reasonable jurists regarding failure to object to lay testimony, instead relying on general statements about misstatements of law. *Id.* Additionally, the failure to object to particular testimony or characterizations of law is not tantamount to failing to offer an entire defense or challenge sentencing guidelines. As such, Petitioner's argument on this point seems to simply critique original counsel's trial strategy and does not substantially show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**  Date: August 10, 2022
SA CV 20-00813-DOC  Page 7

that jurists of reason could debate if it rendered counsel's performance ineffective. *Gustave*, 627 F.2d at 904.

The Court DENIES Petitioner's Motion with respect to original counsel's failure to object to the testimony in question.

### 3. Failure to Argue Issues Related to the Potential Overlap of Counts One and Three

Finally, Petitioner argues that reasonable jurists could debate whether his original counsel was ineffective for [1] failing at sentencing to object to consecutive sentences that may have contravened statuory authority or introduce mitigating records and [2] failing to argue double jeopardy. Mot. at 13, 16. The Court considers each claim in turn.

#### a. Failure to Challenge Sentencing Guidelines or Present Mitigating Records

Petitioner argues that prior counsel was ineffective due to inadequate advocacy surrounding Petitioner's sentencing.

First, Petitioner claims that counsel was ineffective because of her "failure to object that the applicable guidelines ran afoul of controlling statutory authority." Mot. at 16. Petitioner argues that reasonable jurists can debate whether the combination of the terrorism enhancement and total sentence guidelines "conspire to violate section 994." Mot. at 16. 28 U.S.C. § 994(l)(2) "reflect[s] . . . the general inappropriateness of imposing consecutive terms of imprisonment for an offense of conspiring to commit an offense or soliciting commission of an offense and for an offense that was the sole object of the conspiracy or solicitation."

However, Petitioner only points to dicta from the Third Circuit. The court in *Velasquez* questioned whether decisions rejecting § 994(l)(2)'s prohibition on consecutive sentencing for conspiracies and the underlying substantive offense were "in congruence with the [statute's] congressional intent." *United States v. Velasquez*, 304 F.3d 237, 244 (3d Cir. 2002). Without more, Petition has failed to show that reasonable jurists may differ on this issue and that counsel was potentially ineffective.

Second, Petitioner claims that counsel was ineffective in her sentencing advocacy because "trial counsel did not submit a single exhibit in mitigation [at sentencing]." Mot. at 19. However, Respondent is correct that Petitioner "ignores counsel's thorough advocacy in the sentencing brief . . . and the presentence investigation report." Opp'n at

Case 8:15-cr-00060-DOC   Document 401   Filed 08/10/22   Page 8 of 10   Page ID #:7070

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**  Date: August 10, 2022
SA CV 20-00813-DOC  Page 8

23. Petitioner also overlooks prior counsel's efforts to research "a de-radicalization program in use in Minnesota," which she discussed "with [Petitioner], though [Petitioner] was apparently uninterested." *Id.* at 23. As such, the Court is not convinced that reasonable jurists would disagree whether counsel was ineffective solely because she "did not submit a single exhibit in mitigation." Mot. at 19.

Accordingly, the Court DENIES Petitioner's Motion on counsel's failure to challenge sentencing guidelines or present mitigating records.

### b. **Double Jeopardy**

Petitioner finally argues that reasonable jurists could find that his counsel was ineffective for failing to raise double jeopardy concerns. Mot. at 13. To recall, Petitioner was convicted of conspiracy to provide material support to a FTO in violation of 18 U.S.C. § 2339B as well as aiding and abetting an attempt to provide material support to an FTO in violation of 18 U.S.C. § 2339B. Petitioner argues that because both the aiding and abetting and the conspiracy charge "required Mr. Badawi's codefendant's agreement to the objective of his joining ISIS," his counsel should have raised the double jeopardy ramifications of conviction on both counts. *Id.* at 13-15.

When considering the double jeopardy ramifications of convictions for both conspiracy and the underlying offense, courts typically apply the test announced by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932). *See United States v. Arbelaez*, 812 F.2d 530, 533 (9th Cir. 1987). Under the *Blockburger* test, courts examine each element of the conspiracy and the underlying offense to determine whether each contains an element that the other does not require. *Arbelaez*, 812 F.2d at 533-34. In denying Petitioner's original Motion, the Court applied *Blockburger* and *Arbelaez* and found that conspiracy required an element of agreement that aiding and abetting the underlying crime did not, making the two separate and distinct crimes. Order at 6.

Petitioner points to a narrow exception to the *Blockburger* rule recognized by other circuits: where both offenses include "the concurrent action and co-operation of more than one person" such that they become "essentially the same offense." *Id.* at 13-14 (quoting *United States v. New York Cent. & H.R.R. Co.*, 146 F. 298, 303 (Cir. Ct. S.D.N.Y. 1906)). Petitioner cites decisions in the Second, Fourth, and Sixth Circuits, as well as the Supreme Court, that have recognized this exception. Mot. at 14; *Vannata v. United States*, 289 F. 424, 427 (2d Cir. 1923) (recognizing the "sound reason" behind the exception in a bootlegging prosecution but distinguishing on the facts); *Lisansky v. United States*, 31 F.2d 846, 849 (4th Cir. 1929) (discussing the exception in a tax fraud

case but distinguishing based on the nature of the particular statute at issue); *Freeman v. United States*, 146 F.2d 978, 979 (6th Cir. 1945) (applying the exception when the underlying drug sale and distribution crimes required the same agreement as the conspiracy); *United States v. Katz*, 271 U.S. 354 (1926) (questioning the validity of a conspiracy charge in a case involving a buyer and seller of illegal whiskey due to the agreement necessary for the underlying crimes).

  More specifically, Petitioner points to Sixth Circuit precedent in *Krench v. United States*, 42 F.2d 354, 356 (6th Cir. 1930). In *Krench*, the defendant was charged with a violation of the Tariff Act under an aiding and abetting theory because he recruited another person to improperly bring merchandise into the country. *Krench*, 42 F.2d at 356. The defendant in Krench was also charged with conspiracy for the same. *Id.* However, because the defendant was only charged with violating the Tariff Act by way of recruiting another individual, the Sixth Circuit determined that an agreement was a necessary element of the underlying conviction and conspiracy such that it constituted double jeopardy. *Krench*, 42 F.2d at 356. *Freeman*, another Sixth Circuit case, likewise found double jeopardy on a conspiracy count when the underlying convictions required an agreement between two defendants in a drug distribution case. *Freeman*, 146 F.2d at 979. The Sixth and Seventh Circuits have relied on *Krench* and *Freeman* after the Supreme Court's decision in *Blockburger*. *See United States v. Austin*, 529 F.2d 559 (6th Cir. 1976) (remanding based on the *Krench* exception); *Poliaficao v. United States*, 237 F.2d 97 (6th Cir. 1956) (recognizing the *Krench* exception but refusing to apply it because sentence was applied concurrently); *United States v. Hunter*, 478 F.2d 1019 (7th Cir. 1973) (citing *Freeman* and discussing agreements between two people in its reasoning for vacating the conspiracy charge).

  The Court agrees that Petitioner's situaiton may be analagous to that in *Krench* and *Freeman*. As Petitioner notes, the government proceeded on an aiding and abetting theory for the material support offense, making an agreement between Petitioner and his codefendant a necessary element of the underlying crime. Mot. at 14-15. Thus, in order to aid and abet his codefendant's attempt to join ISIS, Petitioner had to procure his agreement to do so. *Id.* As a result, Petitioner's conviction for both aiding and abetting an attempt and conspiracy may potentially fall within the narrow double jeopardy exception recognized by the Sixth Circuit.

  Although not the rule in this circuit, the Court recognizes that reasonable jurists in the Sixth Circuit have found that double jeopardy may apply to defendants convicted of conspiracy and aiding and abetting the underlying offense. However, Petitioner's counsel followed this circuit's precedent while representing her client, and she was not required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTES – GENERAL

Case No. **SA CR 15-00060-DOC-2**  Date: August 10, 2022
SA CV 20-00813-DOC  Page 10

to research merely persuasive cases from other circuits when deciding trial and sentencing strategy. A counsel's efficacy does not hinge on whether she consulted precedent from other circuits and the threshold for certificates of appealability is not so low to warrant consideration of this issue.

Moreover, for an ineffective assistance of counsel claim, Petitioner must also show that he suffered prejudice as a result of his counsel's potential deficiencies. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here, raising the double jeopardy claim would not have potentially led to a different outcome or lower sentence such that it caused Petitioner prejudice.

Accordingly, the Court DENIES Petitoner's Motion on the double jeopardy issue.

## IV.   Disposition

For the foregoing reasons, the Court **GRANTS** Petitioner's Certificate of Appealability with respect to whether conversion is an element of 20 U.S.C. § 1907(a). The Court **DENIES** Petitioner's Motion with respect to the First Amendment, improper argument, sentencing, and double jeopardy issues.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk:
MINUTES FORM 11                                                                          eva/kdu
CIVIL-GEN